IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ANTOINETTE ALLIE, ) <br> on behalf of A.D.E.B., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> COMMISSIONER OF SOCIAL ) <br> SECURITY, ) <br> ) <br> Defendant. ) | CASE NO. 4:09 CV 2878 <br><br> MAGISTRATE JUDGE <br> WILLIAM H. BAUGHMAN, JR. <br><br><br> **MEMORANDUM OPINION &** <br> **ORDER** |

## Introduction

Before me[1] is an action under 42 U.S.C. § 405(g) by Antoinette Allie on behalf of A.D.E.B., a minor, seeking judicial review of the final decision of the Commissioner of Social Security denying her application for Supplemental Security Income (SSI).[2] The Commissioner, in response, seeks affirmation of that decision.[3] Both parties have briefed their respective positions,[4] and Allie has waived oral argument.[5] For the reasons that follow, the Commissioner's decision will be affirmed,

---

[1] ECF # 9. The parties have consented to my jurisdiction.

[2] ECF # 1.

[3] ECF # 10.

[4] ECF # 14 (Commissioner's brief); ECF # 15 (Allie's brief).

[5] ECF # 17.

**Facts**

**A.     Background**

After a 2007 application was initially denied, Allie requested a hearing, which was held in 2009.[6] At the hearing, the claimant, A.D.E.B., a school-aged child,[7] and Allie, the claimant's aunt and guardian, appeared, together with counsel.[8] Following the three-step process applicable to determining disability in persons under the age of 18,[9] the ALJ concluded at the first step that the claimant has not engaged in substantial gainful activity at any time relevant to the decision.[10] Further, at step two, the ALJ found that A.D.E.B. had the following severe impairments: borderline intellectual functioning, attention deficit hyperactivity disorder (ADHD), adjustment disorder, kidney problems, and urinary tract disorder.[11]

However, at the third step the ALJ concluded, after "giv[ing] particular consideration to the claimant's mental disorders," that A.D.E.B. does not have an impairment or

---

[6] Transcript at 48.

[7] The applicable regulations define a "school-age child" as a child between 6 and 12 years old. *See*, *id.* at 53.

[8] *Id.*

[9] *Id.* at 48-49.

[10] *Id.* at 51.

[11] *Id.*

combination of impairments that meets or medically equals one of the listed impairments.[12] In particular, as to the listing for ADHD, the ALJ determined that the condition had not caused "marked impairment" in at least two of the six relevant functional domains, as would be required to medically equal the listing.[13] Thus, the ALJ concluded that A.D.E.B. was not disabled, denying the application for SSI.[14]

**B.    Issue on review**

As succinctly stated in Allie's brief, the only issue on review raised by the claimant is whether substantial evidence supports the ALJ's finding that no "marked" impairment exists in the domains of: (a) acquiring and using information and (b) interacting and relating with others.[15] Essentially, Allie argues that because John Brescia, a consulting psychologist, gave A.D.E.B. a Global Assessment of Functioning (GAF) score of 50, such a level of impaired functioning should, of itself, establish that A.D.E.B. has "marked" impairment in the above-stated two domains.[16]

---

[12] *Id*.

[13] *Id*. at 51-58.

[14] *Id*. at 58.

[15] ECF # 15 at 5.  In her attachment to the brief, Allie again states that this case "rises or falls" on the results of the consultative examination of psychologist Dr. John Brescia and the application of those findings to the functional domains.  ECF # 15, Attachment at 1, 2. Allie, thus, is not pursuing the argument here, raised to the Appeals Council, contesting the ALJ's finding that A.D.E.B.'s urinary reflux condition did not meet or medically equal the applicable listing.  *See*, ECF # 15 at 4.  (Allie "stipulates ... that the claimant does not meet any Listing for her urinary condition.")

[16] *Id*. at 6.

The Commissioner, in response, asserts that the ALJ reasonably found that the evidence supported a finding that A.D.E.B. had less-than marked limitations in the two challenged domains.[17]

As regards the domain of acquiring and using information, the Commissioner notes that the psychological evaluation of A.D.E.B. by Dr. Brescia, heavily relied on here by Allie, revealed, in addition to the GAF score, additional findings by Dr. Brescia that A.D.E.B. had higher academic functioning than expected for her IQ, as well as a finding that A.D.E.B.'s ADHD symptoms were stable with medication.[18] In addition, the Commissioner also observes that a consultative examiner agreed with Dr. Brescia that A.D.E.B. had no cognitive function limitations when she was taking her medication.[19] Moreover, the record before the ALJ contained reports from four reviewing agency physicians who all concluded that A.D.E.B. had less-than-marked limitations as regards the acquiring and use of information.[20]

Regarding the domain for interacting and relating with others, the Commissioner again states that the evidence before the ALJ showed that whatever difficulties A.D.E.B. had in dealing with others, that limitation was lessened when she was on her medication.[21] Moreover, Dr. Brescia's records, cited by the ALJ, observed that during the consultative

---

[17] ECF # 14 at 12.

[18] *Id*. at 12-13 (citing transcript).

[19] *Id*. at 13 (citing transcript).

[20] *Id*.

[21] *Id*. at 13-14.

exam A.D.E.B. remained able to express herself.[22] Ultimately, the ALJ noted that, even if a marked limitation were found in this area, no additional marked limitation is present so as to mandate a finding of disability.[23]

## Analysis

**A.    Standard of review**

As the Sixth Circuit has stated, review of the Commissioner's decisions "is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards."[24] This standard requires the reviewing court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[25] This means that the Commissioner's decision must be affirmed if supported by substantial evidence even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence.[26] An ALJ's failure to follow agency rules and regulations

---

[22] *Id.* at 14.

[23] Tr. at 55-56.

[24] *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (citation omitted).

[25] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted).

[26] *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007).

"denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record."[27]

**B.     Application of standard**

Applying the above standard to the single issue on review, I note first that Allie has explicitly rested everything on the one finding by Dr. Brescia that A.D.E.B. has a GAF score of 50, arguing that such score of itself should mandate a finding that A.D.E.B. has marked impairments in two domains. Without any citation to authority, Allie appears to suggest that the single GAF score here should operate like a decisive silver bullet or similar to the way a valid IQ score does in determining whether a child has met the listing for mental retardation.[28]

In fact, as the Commissioner notes, the ALJ's determination of whether a claimant has an impairment functionally equivalent to a listing is evaluated under the substantial evidence standard,stated above.[29] Under that rubric, the evidence recounted earlier from multiple sources in the record clearly establishes that the ALJ had a substantial evidentiary basis for concluding that A.D.E.B. did not have marked impairments in the two domains at issue.

---

[27] *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009) (citation omitted).

[28] *See*, Listing § 112.05D.

[29] ECF # 14 at 8.

## Conclusion

Substantial evidence supports the finding of the Commissioner that A.D.E.B. had no disability. Accordingly, the decision of the Commissioner denying Allie supplemental security income is affirmed.

IT IS SO ORDERED.


Dated: October 20, 2011                              s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge